1   **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   Anne S. Murphy,                        )   No. CV-10-01391-PHX-ROS
                                           )
10              Plaintiff,                 )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    Wells Fargo Bank, NA, et al.,          )
13                                         )
                Defendants.                )
14                                         )
    _____   )
15

16          This case involves claims by Plaintiff Anne Murphy against Wells Fargo Bank, NA

17  as well as claims by Sandburg Financial Corporation against Anne Murphy and her husband

18  Gerald Murphy.  On April 2, 2013, counsel for Wells Fargo notified the Court that they were

19  having difficulty scheduling Anne Murphy's deposition. (Doc. 241). On April 12, 2013, the

20  Court  ordered the parties to attend a status conference to address the future of the case.  In

21  its order, the Court stated the following:

22          Anne Murphy and Gerald Murphy are warned . . . that they **must** attend
            the status conference.  The failure . . . to attend the status conference
23          will result in the imposition of sanctions, including possibly the
            dismissal of Anne Murphy's claims against Wells Fargo . . . .
24
    (Doc. 246 at 2).
25
            Due to a scheduling conflict, counsel for Wells Fargo requested the hearing be
26
    rescheduled.  (Doc. 251).  In granting that request, the Court again stressed that Anne
27
    Murphy needed to attend the status conference:
28

1    [T]he Court wishes to stress that Anne Murphy **must** attend the May 1,
2    2013 status conference in-person or she risks her claims being
     dismissed.

3    (Doc. 252 at 1).

4          Only Gerald Murphy appeared at the status conference.  In attempting to explain his

5    wife's absence, Gerald Murphy presented a letter, allegedly from Anne Murphy's doctor,

6    stating Anne Murphy was physically unable to attend the status conference.  In fact, the letter

7    went further and indicated Anne Murphy cannot have any further involvement in this suit.

8    The letter appears to have been drafted by Mr. Murphy and it is not signed under penalty of

9    perjury.  *See* 28 U.S.C. § 1746 (describing method for submitting declarations).  Therefore,

10   it is not competent proof of Anne Murphy's inability to attend the status conference.

11         Anne Murphy's failure to appear at the status conference, after being warned twice

12   that her attendance was mandatory, merits sanctions.  *Aloe Vera of American, Inc. v. United*

13   *States*, 376 F.3d 960, 965 (9th Cir. 2004) ("Sanctions are an appropriate response to willful

14   disobedience of a court order . . . .").  Sanctions can take the form of barring witnesses,

15   awarding attorneys fees, assessing fines, or even dismissing the case.  *Id.*  The Ninth Circuit

16   has provided five factors a court must consider when deciding "whether to dismiss a case for

17   failure to comply with a court order."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

18   1992).  Those factors are: "(1) the public's interest in expeditious resolution of litigation; (2)

19   the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

20   public policy favoring disposition of cases on their merits; and (5) the availability of less

21   drastic alternatives."  *Id.* (quotation omitted).  In the present circumstances, these factors

22   weigh in favor of dismissing this case.

23         The first factor–the public's interest in expeditious resolution of litigation–favors

24   dismissal.  This case has been pending for close to three years and the parties have still not

25   completed discovery.[1]  The second factor–the Court's need to manage its docket–also favors

26

27         [1] The case has been stayed on two occasions. But even absent the stays, the case has
28   not progressed expeditiously.

1   dismissal. This case has become inordinately complicated and has consumed a large amount

2   of the Court's time.  In 2013 alone, the Court has had to issue approximately ten orders,

3   many of which were striking inappropriate filings by Anne Murphy.  Time spent attempting

4   to keep this litigation on track "could have [been] devoted to other major and serious criminal

5   and civil cases on [the Court's] docket." *Ferdik*, 963 F.2d at 1261.

6          The third factor–the risk of prejudice to Wells Fargo–also favors dismissal.  Anne

7   Murphy's deposition has been set many times only to have Gerald Murphy indicate the

8   deposition cannot proceed.  Anne Murphy continues to file inappropriate documents and

9   refuses to timely respond to inquiries by Wells Fargo, such as requests to participate in

10  drafting a joint status report.  Given her present refusal to cooperate in discovery or comply

11  with Court orders, it would be unfair to require Wells Fargo to continue to defend this case.

12         Finally, the fifth factor–the possibility of less-drastic sanctions–also favors dismissal.

13  There is no indication that Anne Murphy has the financial resources to satisfy a monetary

14  fine nor is there an immediately apparent, non-monetary sanction that would serve a useful

15  purpose.  Thus, dismissal without prejudice appears to be the least drastic sanction.

16         The only factor weighing against dismissal is the fourth factor involving the

17  preference for resolving cases on their merits.  But even this factor is troublesome because

18  the Court does not see how the case could *ever* be resolved on the merits in the way Anne

19  Murphy wishes.  Assuming for present purposes that the note from Anne Murphy's doctor

20  is accurate, "Anne Murphy's health makes it impossible for her to be deposed or attend any

21  meeting of attorneys whereby she is the target."  (Doc. 261 at 1).[2]  Also, she must avoid

22  "[d]epositions and questioning under legal duress."  (*Id.*)  It is simply not possible for a

23  plaintiff in litigation (whether pro se or with counsel) to never answer questions, be deposed,

24  or attend any "meeting."  In short, continued prosecution will require Anne Murphy be

25  substantially involved in the case, including attending the trial, presenting evidence, and

26

27         [2] Again assuming the note from Anne Murphy's doctor is accurate about the state of
    Anne Murphy's mental and physical health, the Court questions whether the filings
28  referenced above from Anne Murphy are *actually* filed by Anne Murphy.

1    testifying.  Anne Murphy claims (through various non-attorney representatives) that she is

2    not capable of doing any of these tasks and, therefore, resolution of this case on the merits

3    appears impossible.[3]

4          The Court is sympathetic to Anne Murphy's deteriorating health and her need to place

5    her health as her highest priority.  But the Court is at a loss as to how this case can continue

6    without Anne Murphy's involvement and without her compliance with Court orders.  The

7    Court cannot permit Gerald Murphy to represent Anne Murphy[4] nor can the case simply

8    languish on the docket.  It would be unduly burdensome to the Court to continue to supervise

9    this case and it would be unfair to require Wells Fargo to continue to incur attorneys' fees

10    when there is no realistic prospect that the case will move forward.  Having considered all

11    the factors, the Court reluctantly concludes that this case must be dismissed without

12    prejudice.  In the event Anne Murphy's health improves such that she is able to meaningfully

13    participate in litigation, she is free to refile this suit.[5]

14          Accordingly,

15          **IT IS ORDERED** the Motion for Summary Judgment (**Doc. 194**) and the Motion for

16    Leave (**Doc. 255**) are **DENIED AS MOOT**.

17          **IT IS FURTHER ORDERED** the Motion to Grant Permission (**Doc. 259**) is

18    **DENIED**.

---

[3] The Court has considered whether, in these circumstances, an order under Federal Rule of Civil Procedure 17 would be appropriate.  Given the representation by Anne Murphy's doctor that she cannot participate in this litigation in *any* meaningful way, it likely would be futile to set a competency hearing.  Thus, dismissal without prejudice is the appropriate path.  *See Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (dismissal without prejudice appropriate when party refuses to cooperate in competency hearing).

[4] *See Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (holding that a non-attorney "has no authority to appear as an attorney for others than himself.").

[5] This assumes there is no independent legal bar, such as the statute of limitations, to Anne Murphy filing a new suit.

1    **IT IS FURTHER ORDERED** Anne Murphy's claims against Wells Fargo are

2    **DISMISSED WITHOUT PREJUDICE**.

3    **IT IS FURTHER ORDERED** no later than May 20, 2013 Sandburg Financial

4    Corporation shall file a status report indicating whether it has determined Anne Murphy is

5    competent such that Sandburg can continue to pursue its counterclaims against her.  If

6    Sandburg has concluded Anne Murphy is competent, it should set forth the basis for its

7    conclusion.

8    DATED this 6th day of May, 2013.

9

10

11   _____

     Roslyn O. Silver

12   Chief United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28